UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASEY E. B., JR.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:24-CV-5474-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain medical opinion evidence. Had the ALJ properly considered these opinions, Plaintiff's residual functional capacity ("RFC") may have included additional limitations, or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I.   Factual and Procedural History

Plaintiff filed a claim for SSI on March 1, 2019, alleging disability beginning on November 27, 2018, due to traumatic brain injury, depression, memory issues, asthma, right ankle pain, migraines, anxiety, anger, post-traumatic stress disorder ("PTSD"), and insomnia. Dkt. 10, Administrative Record ("AR") 328–49. His application was denied at the initial level and on reconsideration. AR 142, 157. He requested a hearing before an ALJ, which took place on October 22, 2020. AR 104–41, 212–15. Plaintiff was represented by counsel at the hearing. *See* AR 104. On December 2, 2020, the ALJ issued an unfavorable decision denying benefits. AR 174–94. The Appeals Council granted Plaintiff's request for review and remanded his claim for a new hearing. AR 195–201, 265–68.

The new hearing took place on March 23, 2023. AR 70–103. On June 1, 2023, the ALJ issued another unfavorable decision finding Plaintiff was not disabled. AR 28–51. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7, 325–27. Plaintiff appealed to this Court. *See* Dkts. 1, 7.

## II.   Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

### III.    Discussion

Plaintiff argues the ALJ erred in his consideration of certain medical opinion evidence, Plaintiff's testimony about the severity of his symptoms, and lay witness testimony, leading to an erroneous RFC and step five findings. Dkt. 15 at 2. He contends the proper remedy for these errors is remand for an award of benefits. *Id.*

The ALJ found Plaintiff had the severe impairments of post-concussive syndrome, PTSD, bipolar disorder, and social anxiety disorder. AR 34. Despite these impairments, the ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations:

> The claimant can only understand, remember, and apply short, simple instructions. The claimant is limited to performing routine, predictable tasks. The claimant is limited to work that is not performed in a fast-paced production rate environment. The claimant is limited to making simple decisions. The claimant can have exposure to no more than occasional, routine work-place changes. The claimant can have no interaction with the general public and occasional interaction with co-workers and supervisors.

AR 37.

A. *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in evaluating certain medical evidence, including opinion evidence from Kimberly Wheeler, Ph.D., and Alysa A. Ruddell, Ph.D. Dkt. 15 at 3–6. When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

1. Kimberly Wheeler, Ph.D.

Dr. Kimberly Wheeler performed a psychological evaluation of Plaintiff on January 18, 2019. AR 508. Dr. Wheeler based her opinions on a clinical interview and a review of records including "DSHS case notes, [and an] encounter note from Olympia Orthopedics." *Id.* In the interview, Plaintiff reported he was assaulted in late November 2018, including being kicked in the head and having his head slammed onto the edge of wood furniture. *Id.* Plaintiff reported he had sustained a concussion and described ongoing symptoms including slower right eye movement, vertigo, daily migraines, inability to sleep, decreased emotional control, and becoming easily overwhelmed. *Id.*

Dr. Wheeler noted symptoms of cognitive changes, including derealization: "when he touches his arm, 'it's like I'm touching someone else. Like I'm stuck in my head, and not connected.['] Forgets where he is, known roads don't feel familiar. Forgets how to play familiar video games. Feels fuzzy, lost in his head, sometimes things don't feel real." AR 509. She also noted symptoms of emotional trauma, including lots of intrusive recollections, weird dreams with stress and confusion, fear, autonomic arousal with cues, hypervigilance, dissociation, hyperstartle reflex, and emotional numbing. *Id.*

Dr. Wheeler listed diagnoses of PTSD and mild neurocognitive disorder due to traumatic brain injury. *Id.* Due to his impairments, she found moderate limitations in Plaintiff's ability to understand, remember, and persist in tasks by following very short and simple instructions; learn new tasks; perform routine tasks without special supervision; adapt to routine changes in a work setting; make simple work-related decisions; be aware of normal hazards and take appropriate

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

precautions; and maintain appropriate behavior in a work setting. AR 510. She found Plaintiff had marked limitations in his ability to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; ask simple questions or request assistance; communicate and perform effectively in a work setting; and set realistic goals and plan independently. *Id.* She found severe impairment in Plaintiff's ability to complete a normal workday and work week without interruptions from psychologically based symptoms and rated his overall level of impairment as severe. *Id.* Dr. Wheeler opined Plaintiff's impairments would persist for over a year with available treatment and indicated vocational training or services would not minimize or eliminate barriers to employment, writing: "Not yet, needs to recover first." *Id.* She noted Plaintiff was "very early in recovery from a brain injury, has a long way to go, [and] needs time." *Id.*

In the mental status exam, Dr. Wheeler noted Plaintiff's appearance, orientation, perception, fund of knowledge, and abstract thought were within normal limits. AR 511–12. She wrote Plaintiff's mood was stable but noted some depression and fear; his speech was "[s]lowed, halting, with breaks as he tries to assemble what he's saying;" he was compliant with the interview process; and his affect was "[l]ately, unpredictable in wake of brain injury." AR 511. She noted abnormal thought process and content, memory "[d]isrupted in light of his recent brain injury," concentration "[e]asily disrupted," and insight and judgment within normal limits but insight only "fair" and judgment "adequate." AR 511–12.

The ALJ found Dr. Wheeler's opinions "generally unpersuasive" because (1) the opinions were based on a one-time examination of Plaintiff, (2) the opined limitations were

unsupported by normal findings from Dr. Wheeler's examination, and (3) the opined limitations were inconsistent with other normal findings in the record. AR 42.

First, Plaintiff argues the ALJ's finding that Dr. Wheeler's opinion was unpersuasive because it was based on a one-time examination was not a valid basis for rejecting the opinion. Dkt. 15 at 4. The Commissioner does not defend the ALJ's finding discounting Dr. Wheeler's opinion because it was based on a single evaluation of Plaintiff. *See* Dkt. 19 at 8–10. An ALJ may consider the length, purpose, and extent of the treating relationship in considering the persuasiveness of a medical opinion. *See* 20 C.F.R. § 404.1520c(c)(3). However, the fact Dr. Wheeler only examined Plaintiff once, standing alone, is not a legally sufficient basis for rejecting her opinions. *See Yeakey v. Colvin*, No. CV13–05598–BJR, 2014 WL 3767410, at *6 (W.D. Wash. July 31, 2014) ("Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions."); *Keri J. v. Comm'r of Soc. Sec.*, No. 3:20-CV-5779-TLF, 2021 WL 4026320, at *2 (W.D. Wash. Sept. 3, 2021) ("[T]he fact that [the provider] only examined Plaintiff twice is not, in and of itself, a valid reason for discounting her opinion, especially in light of the revised regulations, which eliminate the regulatory distinction between 'treating' and 'examining' opinions, and provide that an examining source 'may have a better understanding' of an individual's limitations."). The ALJ erred in finding Dr. Wheeler's opinion was unpersuasive because it was based on a one-time examination.

Second, the ALJ found Dr. Wheeler's opined limitations were not supported by her own examination, which included some normal findings. AR 42. Dr. Wheeler did note some findings within normal limits in the mental status exam, but she also noted abnormal findings including depressed mood; impaired speech, memory, and concentration; unpredictable affect; and

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

abnormal thought process and content. AR 511–12. The ALJ provided no explanation for finding the normal mental status exam results more persuasive than the abnormal results. Although the ALJ is responsible for resolving conflicts in the evidence, he must explain his reasoning to allow for this Court's review. *See Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020); *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Because the ALJ failed to provide such explanation here, the Court cannot say this finding is supported by substantial evidence. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

Finally, the ALJ found Dr. Wheeler's opined limitation were inconsistent with other evidence in the record. AR 42. The ALJ cited to five progress notes from neurology and clinic visits dated between March 14, 2019, and June 26, 2020, in support of his statement that, "despite the claimant's mental impairments, separate objective examinations repeatedly documented the claimant with fully alert and oriented cognition, appropriate mood and affect, cooperative behavior, normal speech and language skills, normal judgment and insight, and generally no signs of acute psychological distress." *Id.* (citing AR 548, 679, 769–70, 772, 785–86). The ALJ found these findings were "inconsistent with the opinion that the claimant has potentially marked limitations in his mental functioning." *Id.*

The records cited by the ALJ contain the referenced normal findings but also note depression, headaches, and poor memory. AR 679, 769–70, 772. In addition, progress notes from other providers, including Plaintiff's mental health providers, around the same period document depression, paranoia, memory problems, suicidal thoughts, labile or preoccupied affect, irritable or guarded mood, decompensation, uncooperative or agitated behavior, and poor insight and

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

judgment. *See* AR 682, 911–13, 926–28, 965–66, 975–76, 984–85, 989–91, 997–99. An ALJ may not "cherry-pick[] some of [a provider's] characterizations" but, rather, must evaluate a conflict between treatment notes and medical opinions "in context of the overall diagnostic picture the provider draws." *Ghanim v. Colvin*, 763 F.3d 1154, 1162, 1164 (9th Cir. 2014) (internal quotations omitted). The records referenced by the ALJ do not appear to accurately reflect the overall content of the record, *see Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998), and the ALJ provides no explanation for why he credits these normal findings over the multiple abnormal findings in the record. Accordingly, the ALJ's reasons for discounting Dr. Wheeler's opinion are not supported by substantial evidence. Had the ALJ properly considered Dr. Wheeler's opinion, the ALJ may have included additional limitations in the RFC, such as limitations related to Plaintiff's ability to complete a normal workday and work week without interruptions based on his symptoms. Therefore, the ALJ's error is not harmless.

2. Alysa A. Ruddell, Ph.D.

Dr. Alysa Ruddell completed a psychological evaluation of Plaintiff on March 1, 2022. AR 1416. Dr. Ruddell noted symptoms of severe anxiety, memory issues, and psychosis, as well as marked depression. AR 1417. She listed a diagnosis of neurocognitive disorder: traumatic brain injury, noting "[o]bserved/endorsed [symptoms]: word-finding difficulties, visual-spatial problems (for example getting lost), impaired reasoning, judgment, and insight, impaired ability to learn new material and forget previously learned material. With protracted memory loss and associated problems, the patient may be diagnosed with Alzheimer's disease or dementia." *Id.* Dr. Ruddell also listed a diagnosis of schizophrenia spectrum disorders with symptoms of "seeing, hearing, feeling things that are not there, having false ideas about what is taking place or who one is, nonsense or poverty of speech, unusual behavior, lack of emotions, few or poor

relationships, social withdrawal, flat or blunt affect, lack of motivation, and behaving abnormally in social situations." *Id.*

Dr. Ruddell found Plaintiff had moderate limitations in his ability to understand, remember, and persist in tasks by following very short and simple instructions; make simple work-related decisions; and be aware of normal hazards and take appropriate precautions. AR 1418. She found moderate to marked limitations in Plaintiff's ability to perform routine tasks without special supervision. *Id.* She found marked limitations in Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; and ask simple questions or request assistance. *Id.* She found Plaintiff severely limited in his ability to understand, remember, and persist in tasks by following detailed instructions; learn new tasks; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal workday and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. *Id.* She rated Plaintiff's overall level of impairment as severe. *Id.*

In the mental status exam, Dr. Ruddell noted flat or blunt affect, depressed mood, paranoia, auditory and visual hallucinations, impaired orientation to time and day of the week, impaired remote, recent, and immediate memory, impaired fund of knowledge with limited education and history of special education, impaired concentration, abstract thinking, insight, judgment, and problem solving. AR 1415.

The ALJ found Dr. Ruddell's opinion "generally unpersuasive." AR 42. The ALJ wrote that Dr. Ruddell's opinion was "well supported" but "inconsistent with the record of evidence, which does not support more than moderate mental limitations." *Id.* The ALJ cited to the same

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

records that he cited in support of his finding that Dr. Wheeler's opined limitations were inconsistent with the longitudinal record. *Id.*

As noted above, the records cited by the ALJ show improper cherry-picking of the record and do not reflect the overall diagnostic picture. Furthermore, other treatment notes from around the same time as Dr. Ruddell's evaluation document a pattern of argumentative and aggressive behavior, agitation, and "ineffective individual coping." *See* AR 1547, 1571, 1640, 1643–44, 1649, 1658–59, 1883, 1888. The ALJ again provided no explanation for preferring the normal findings to the abnormal findings. Had the ALJ properly evaluated Dr. Ruddell's opinion, the ALJ may have included additional limitations in the RFC, such as limitations related to Plaintiff's ability to complete a normal workday and work week without interruptions based on his symptoms. Therefore, the ALJ's error is not harmless, and remand is appropriate.[3]

B. *Remedy*

Plaintiff argues the proper remedy for the ALJ's error is remand for an immediate award of benefits. Dkt. 15 at 19. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

---

[3] Because the Court finds harmful error in the ALJ's consideration of Dr. Wheeler and Dr. Ruddell's opinions, the Court need not address the other challenged medical opinion evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

      (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *Garrison*, 759 F.3d at 1020.

An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues which must be resolved concerning Plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.[4]

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

---

[4] Plaintiff further contends the ALJ failed to properly evaluate his testimony about the severity of his symptoms and lay witness testimony, leading to an erroneous RFC and step five findings. Dkt. 15 at 2. As noted above, the Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and remand for further proceedings is appropriate. Due to this error, the ALJ must re-evaluate all the medical evidence on remand. Because Plaintiff may be able to present new evidence and new testimony on remand and the ALJ's reconsideration of the medical evidence may impact the assessment of Plaintiff's testimony, the ALJ must also reconsider this evidence on remand.

this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 3rd day of February, 2025.

*David W. Christel*
United States Magistrate Judge